IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DAVID PERRY | : | CIVIL ACTION |
| | : | |
| v. | : | No. 19-3255 |
| | : | |
| ANDREW SAUL | : | |
| *COMMISSIONER OF SOCIAL* | : | |
| *SECURITY* | : | |

**MEMORANDUM**

**Juan R. Sánchez, C.J.**                                                                              **September 15, 2020**

      Plaintiff David Perry seeks review of the Commissioner of Social Security's denial of his claim for disability insurance benefits and social security income due to his impairments including HIV, chronic obstructive pulmonary disease, nerve damage in back of neck, and posttraumatic stress disorder. Despite these impairments, the Administrative Law Judge (ALJ) denied Perry's claim because he found Perry was able to perform past relevant work as a security guard. Perry disputes, among other things, whether his security guard job qualifies as past relevant work because he performed the job under special conditions of a work rehabilitation program. On July 31, 2020, United States Magistrate Judge Marilyn Heffley issued a Report and Recommendation (R&R) recommending this Court deny Perry's request for review. Perry objects to the R&R's conclusion that the ALJ's finding as to his security guard job was supported by substantial evidence. He also makes several other objections. However, because it is not clear whether Perry worked as a security guard under special conditions and the ALJ failed to develop the record on this issue, the Court will sustain Perry's first objection. Perry's request for review will be granted, and this case will be remanded to the Commissioner for further proceedings consistent with this Memorandum.

**BACKGROUND**

Perry is 62 years old and has a high school equivalency certificate. In his past, Perry served 14.5 years in prison and struggled with substance abuse. Perry suffers from HIV, chronic obstructive pulmonary disease, nerve damage in his neck, and posttraumatic stress disorder.

After his release from prison in 1999, Perry worked as a cook, dishwasher, maintenance personnel, production line worker, and security guard. However, Perry only made sufficient earnings for his work as a security guard to qualify as substantial gainful activity. Perry worked as a security guard for a rehabilitation program, the Ready, Willing & Able (RWA) program of the Doe Fund, Inc. The RWA program works with people transitioning from incarceration or homelessness and assists them in finding gainful employment. *See* R. at 36. Perry was also a client of the RWA program, although the record is unclear as to whether his employment was part of the program or whether it occurred after he completed the program. *See id.* at 35–36.

Perry applied for disability and social security benefits on August 26, 2016. *See* R. at 15. After his claim was denied, he requested a hearing before an ALJ. The ALJ held a hearing on Perry's claims on July 17, 2018. At that hearing, the ALJ heard testimony from Perry and a vocational expert. Perry testified as to his history, conditions, and previous employment. The vocational expert gave an opinion as to whether Perry's security guard job was classified as an unskilled job (SVP 2) or a semiskilled job (SVP 3) and whether Perry could still perform that job. The vocational expert opined that the security guard job is an SVP 3 job as performed in the national economy, but an SVP 2 job as Perry performed it at Doe Fund, Inc. *See* R. at 55.

On October 17, 2018, the ALJ issued a written decision applying the Social Security Administration's five-step sequential evaluation process for determining whether an individual is disabled, *see* 20 C.F.R. § 404.1520, and found Perry was not disabled, and therefore not entitled

to benefits. Perry appealed the denial of benefits, but the Appeals Council denied his request for review on July 5, 2019. Perry then filed this action, which was referred to Judge Heffley for an R&R. On July 31, 2020, Judge Heffley issued the R&R recommending Perry's request for review be denied. Perry now objects to the R&R.

Perry's objections mirror his challenges in his request for review. He first objects to the R&R's conclusion that the ALJ's finding of his security guard job as past relevant work was supported by substantial evidence. On this same issue, Perry contends the ALJ failed to develop the record as to whether he performed his security guard job under special conditions, thus precluding a finding of substantial gainful activity and past relevant work. He also objects to the R&R's conclusion regarding (1) whether the ALJ was permitted to rely on equivocal vocational expert evidence, (2) whether the ALJ complied with two social security rulings, SSR 00-4p and 82-62, and (3) the ALJ's rejection of medical opinion evidence of Dr. Ronald Karpf—who provided a mental status evaluation—without reasonable explanation.

**DISCUSSION**

The Court will grant Perry's request for review and sustain his objections in part because the Court concludes the record is not clear as to whether Perry worked as a security guard under special conditions and the ALJ did not sufficiently develop the record on this issue. As a result, the Court will remand this case to the Commissioner to grant Perry a second hearing in which the record can be fully developed as to whether he worked as a security guard under special conditions. Because the ALJ's finding of the security guard job as past relevant work resulted in his conclusion that Perry could perform that past relevant work and was not disabled, the ALJ should also reevaluate these issues on remand. As for Perry's other objections, the Court will not address the objections relevant to the determination of the security guard job as past relevant work; however,

the Court will overrule Perry's last objection because the ALJ sufficiently explained his rejection of Dr. Karpf's opinion.

In reviewing objections to a report and recommendation issued by a magistrate judge, a district court must "make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). Judicial review of a final decision of the Commissioner, in contrast, is deferential. A court must affirm the Commissioner's decision "so long as his conclusions are supported by substantial evidence." *Zirnsak v. Colvin*, 777 F.3d 607, 610 (3d Cir. 2014). "Substantial evidence is 'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Rutherford v. Barnhart*, 399 F.3d 546, 552 (3d Cir. 2005) (quoting *Reefer v. Barnhart*, 326 F.3d 376, 379 (3d Cir. 2003)). Substantial evidence "is 'more than a mere scintilla but may be somewhat less than a preponderance of the evidence.'" *Id.* (quoting *Ginsburg v. Richardson*, 436 F.2d 1146, 1148 (3d Cir. 1971)). If the ALJ's decision is supported by substantial evidence, the district court is bound by the ALJ's findings, even if it "would have decided the factual inquiry differently." *Fargnoli v. Massanari*, 247 F.3d 34, 38 (3d Cir. 2001).

The Court will sustain Perry's first objection in which he challenges the finding of his security guard job as past relevant work. Perry asserts his work as a security guard was subject to special conditions of the RWA rehabilitation program. The R&R recommends overruling Perry's argument and contends the record shows Perry worked as a security guard *after* he graduated from the program and was thus not subject to any special conditions. *See* R. & R. 6–7. However, upon de novo review of the record, it is not clear whether Perry worked as a security guard after he graduated from the RWA program or while he was in the program. Further, the record is not fully developed as to whether Perry performed under any special conditions of the RWA program.

4

Past relevant work is defined as "work that [a claimant] ha[s] done within the past 15 years, that was substantial gainful activity, and that lasted long enough for [the claimant] to learn to do it." 20 C.F.R. § 404.1560. Substantial gainful activity is "work activity that involves doing significant physical or mental activities . . . [that is] done for pay or profit." *Id.* § 404.1572. Work performed under special conditions, "such as work done in a sheltered workshop or as a patient in the hospital," may be considered substantial gainful activity; however, not all work performed under special conditions will show a claimant has the ability to perform substantial gainful activity. *See id.* § 404.1573. If work is performed under special conditions, the Commissioner "may find that it does not show [a claimant] [has] the ability to do substantial gainful activity." *Id.* Some examples of special conditions include:

(1) Receiving special assistance from other employees in performing work;
(2) Being allowed to work irregular hours or take frequent rest periods;
(3) Being provided with special equipment or were assigned work especially suited to the claimant's impairment;
(4) Working only because of specially arranged circumstances, for example, other persons helped the claimant prepare for or get to and from work;
(5) Being permitted to work at a lower standard of productivity or efficiency than other employees; or
(6) Being given the opportunity to work despite the claimant's impairment because of family relationship, past association with the employer, or the employer's concern for the claimant's welfare.

*Id.* Even when special conditions prevent a finding of substantial gainful activity, the work may still show a claimant's ability to perform work at the substantial gainful activity level. *See id.*

As noted in the R&R, working as part of a rehabilitation program may qualify as working in a sheltered workshop. *See* SSR 83-33, 1983 WL 31255, at *7. If Perry's security guard job was part of the rehabilitative program, it is still possible that the work qualified as substantial gainful activity. *See* § 404.1573. Nevertheless, there is little to no evidence in the record showing whether

5

Perry worked under special conditions, what those special conditions were, and whether those special conditions support a finding of substantial gainful activity.

According to Perry's contentions, he worked as a security guard as part of the RWA program. *See* Objs. 3. It just so happens that his employment was with the same organization that administered the program. *See* R. at 36. If his security guard position is part of the curriculum of the program, it is possible Perry worked "only because of specially arranged circumstances" or was "given the opportunity to work . . . because of . . . past association with the employer." *See* § 404.1573; *cf. Wright v. Colvin*, No. 12-6628, 2013 WL 6734292, at *8 (D.N.J. Dec. 19, 2013) ("If [the claimant] was given the job "despite [her] impairment because of family relationship, past association with [her] employer, or [her] employer's concern for [her] welfare," then special conditions would exist."). But the record is not sufficiently developed as to the relationship of Perry's employment with the RWA program.

The relevant portion of the record discussing Perry's security guard job and the RWA program states as follows:

> ALJ: [Y]ou had substantial gainful activity of over $20,000 with Doe Fund, Incorporated. What kind of work were you doing for Doe Fund, Incorporated?
>
> Perry: I was working security. It's a work program. At first, I was a client, and then they hired me as an employee, and that --
>
> ALJ: Okay.
>
> Perry: And my title was security. I --
>
> ALJ: As an employee, making SGA for them, what did you do?
>
> Perry: I was the security. I --
>
> . . .

6

> Perry: Yeah, of the building, you know, like, the client, because it was an inpatient program, but you know, as an employee, I was working security, to make sure the facility that ran it was protected.
>
> ALJ: Okay. What kind of facility was it?
>
> Perry: It was a work program to introduce people back, you know, from, like, hard times and things like that, back into society for gainful employment.
>
> ALJ: All right. Well, was your work to get you back into gainful employment, or was it because you graduated from the program, and you were working for them?
>
> Perry: Well, actually, the gainful employment happened because of the training that they gave me. They hired me to that program.
>
> ALJ: Okay.

R. at 35–36. Based on this discussion, it is unclear whether Perry's employment was a part of the program or separate. Perry's response to the ALJ's question regarding this issue notably did not actually answer the question. Perry did not say whether he graduated from the program, but instead stated the employment happened because of the training from the program. This response provides no clarity regarding whether the training and his employment were both part of the program, or whether the training was the program and his subsequent hire was entirely separate from the program, post-graduation.

Not only is the record not adequately developed on the issue of special conditions, but the ALJ did not address the evidence of potential special conditions or explain his finding of the security guard job as past relevant work. An ALJ is free to find that no special conditions exist after applying the evidence to the regulations. *See Burnett v. Comm'r of Soc. Sec. Admin.*, 220 F.3d 112, 122 (3d Cir. 2000). In this case, however, the ALJ made no findings with respect to Perry's testimony regarding the RWA program and any potential conditions he may have worked

under.[1] Rather, the ALJ summarily concluded Perry's security guard job was past relevant work. *See* R. at 25 ("The claimant has past relevant work that has been done in the past fifteen years as a security guard . . . which the vocational expert classified as light [SVP 3] work."). The Court therefore cannot uphold the ALJ's decision. *See Burnett*, 220 F.3d at 119 (vacating ALJ's decision and remanding because ALJ stated a summary conclusion and failed to provide analysis of finding); *cf. Fargnoli v. Massanari*, 247 F.3d 34, 42 (3d Cir. 2001) ("Where there is conflicting probative evidence in the record, we recognize a particularly acute need for an explanation of the reasoning behind the ALJ's conclusions, and will vacate or remand a case where such an explanation is not provided.").

The Court disagrees with the Commissioner and the R&R's contention that the short discussion in the record is substantial evidence to find that Perry worked without special conditions related to the RWA program. The Commissioner contends Perry testified he worked as a security guard after he graduated from the program. *See* Resp. to Req. for Rev. 3, ECF No. 13. Review of the transcript, however, shows Perry did not state whether he graduated or whether his job as a security guard was part of the program. The R&R states Perry's statement, "At first, I was a client, and then they hired me as an employee," is substantial evidence that his employment was entirely separate from the RWA program. The Court disagrees. At best, the record is unclear on that fact. As a result, the Court concludes the ALJ failed to adequately address whether the RWA program placed special conditions on Perry's security guard job. *See Guaraldo v. Colvin*, No. 14-5832, 2015 WL 8464869, at *5–6 (E.D. Pa. Oct. 29, 2015) (remanding case because ALJ failed to

---

[1] The ALJ's question, "was your work to get you back into gainful employment, or was it because you graduated from the program, and you were working for them?", appears to be an attempt to address any potential special conditions. Perry's response, however, provided no clarity on the issue and the ALJ failed to develop the facts on the issue further.

adequately address whether claimant worked under special conditions when there was some evidence in record of potential conditions), *adopted by*, 2015 WL 8489965 (E.D. Pa. Dec. 8, 2015).

Further, the Court is unable to determine on the record before it whether special conditions existed and if so, whether they preclude a finding of substantial gainful activity. The record is not fully developed on this issue and remand is appropriate for further consideration. Because substantial evidence does not support a finding that Perry performed his security guard job without special conditions, substantial evidence does not support a finding that the job is substantial gainful activity or a finding that it qualifies as past relevant work. The Court will thus sustain Perry's objection, grant his request for review, and remand this case for further consideration. *See Wright v. Colvin*, No. 12-6628, 2013 WL6734292, at *8–9 (D.N.J. Dec. 19, 2013) (remanding cases because ALJ failed to discuss whether claimant worked job under special conditions and conclusion that job qualified as substantial gainful employment was not supported by substantial evidence); *Dyer v. Colvin*, No. 13-6312, 2015 WL 1458511, at *16 (W.D.N.Y. Mar. 30, 2015) (remanding because "the ALJ failed to adequately develop the facts necessary to conclude that [the claimant's] prior work as a laundry worker was performed at a substantial gainful level").

Having determined remand is appropriate to address Perry's first objection, the Court will not address the next three objections because they all relate to Perry's security guard job. The remaining objections include: (1) the ALJ erred in relying on equivocal vocational expert testimony as to the SVP classification of the security guard job; (2) the ALJ failed to comply with SSR 00-4p by failing to receive a reasonable explanation for a conflict between the DOT and vocational expert testimony as to the SVP classification of the security guard job; and (3) the ALJ failed to comply with SSR 62-82 by failing to make findings as to the physical and mental demands

9

of the security guard job. The ALJ should nonetheless reevaluate and address Perry's noted challenges on remand.

These three remaining objections overlap in several ways but ultimately challenge whether the ALJ properly concluded Perry's security guard job was performed at the SVP 2 (unskilled) rather than the SVP 3 (semiskilled) level and whether Perry could perform that job with his RFC. However, because the ALJ did not consider whether Perry's security guard job was performed under special conditions, the Court cannot determine whether substantial evidence supports the remaining issues relating to the security guard job. *See Guaraldo*, 2015 WL 8464869, at *6 n.2 (recommending case be remanded to consider whether a job was performed under special conditions, declining to address remaining objections, and recommending ALJ address concerns on remand). After the record is fully developed, if the ALJ finds the security guard job is not past relevant work, the issue of whether Perry can perform it, and the ALJ's compliance with SSRs 00-4p and 62-82, would be irrelevant. *See, e.g.*, *Mac v. Sullivan*, 811 F. Supp. 194, 197 (E.D. Pa. 1993) (noting ALJ found claimant had no past relevant work and shifting burden to Commissioner to show claimant could perform jobs which exist in substantial numbers in the national economy). On remand, Perry can raise any concerns he has regarding the security guard job, and the ALJ can address those concerns.

As for the final objection, in which Perry asserts the ALJ rejected Dr. Ronald Karpf's medical opinion evidence without reasonable explanation, the Court will overrule the objection. Upon de novo review of the record, the Court agrees with the reasoning in the R&R on this point and will adopt it. *See* R. & R. 14–17. The ALJ sufficiently explained his reasoning for affording Dr. Karpf's medical opinion partial weight. *See* R. at 24 (explaining Dr. Karpf's limitations were not consistent with treatment notes, functioning evaluations, and Perry's testimony regarding daily

living and medical treatment). As a result, the Court will overrule this objection for the reasons stated in the R&R.

**CONCLUSION**

The Court will sustain Perry's first objection because the ALJ failed to consider and develop the record as to whether Perry's security guard job was performed under special conditions of a rehabilitative program. The Court will thus remand the case for further proceedings consistent with this Memorandum. Because the case will be remanded to develop the record on the security guard job, the Court does not address three of the remaining objections regarding the security guard job. The ALJ should nonetheless reevaluate and address any concerns Perry raises as they pertain to his past relevant work. The Court will overrule Perry's final objection for the reasons stated in the R&R. Accordingly, the Court will sustain Perry's objections in part, adopt the R&R in part, grant Perry's request for review in part, and remand this case for further consideration.

                                                BY THE COURT:

                                                 /s/  Juan R. Sánchez
                                               Juan R. Sánchez, C.J.